UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



JESSICA KEGELMYER,

        Plaintiff,

    v.                                                    24-CV-839 (JLS) (JJM)

CELLULAR SALES SERVICES
GROUP, LLC; CELLULAR SALES OF
NEW YORK, LLC, JORDAN
LEVINESS, and LUKE FLETCHER,

        Defendants.

## DECISION AND ORDER

Plaintiff Jessica Kegelmyer commenced this action on September 9, 2024, asserting claims of sexual harassment, sex discrimination, pregnancy discrimination, and retaliation under Title VII, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the New York State Human Rights Law ("NYSHRL"), the Family and Medical Leave Act, 29 U.S.C. § 2615 ("FMLA"), and New York Labor Law §§ 203-e, 215, and 740. *See* Dkt. 1 at 17-32.[1] The case has been referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 9.

On November 18, 2024, Defendants moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, to compel arbitration pursuant to the Federal Arbitration Act. Dkt. 8. Plaintiff opposed the motion, Dkt. 11, and

---

[1] Page numbers refer to the CM/ECF generated numbering in the header of each page.

Defendants replied. Dkt. 13, 14. On July 31, 2025, Judge McCarthy issued a Report and Recommendation ("R&R"), recommending that this Court deny Defendants' [8] motion in part and grant it in part. *See* Dkt. 17 at 28.

Defendants objected to the R&R. Dkt. 18. Defendants argue that the R&R erred by: (1) not adopting the appropriate standard in assessing whether Plaintiff's Complaint alleges a "sexual harassment dispute" under the Ending Forced Arbitration Act; (2) concluding that the Complaint pleads a "sexual harassment dispute;" and (3) not dismissing Plaintiff's claims based on pregnancy discrimination, FMLA, retaliation, and New York Labor Law § 203-e. *Id.* Plaintiff opposed the objections, Dkt. 22, and Defendants replied. Dkt. 23.

Plaintiff also objected to the R&R. Dkt. 19. Plaintiff argues that the R&R erred by: (1) dismissing Plaintiff's claims under New York Labor Law § 215; and (2) imposing limitations on Plaintiff's retaliation claims under NYSHRL and Title VII. *Id.* Defendants opposed the objections, Dkt. 21, and Plaintiff did not reply.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge McCarthy's recommendations.

2

For the reasons above and in the R&R, Defendants' [8] motion to compel arbitration is DENIED; Defendants' [8] motion to dismiss is GRANTED as to Plaintiff's claims under New York Labor Law § 215 (Count VIII) and § 740 (Count IV); and Defendants' motion is otherwise DENIED, subject to the modifications of the remaining claims as set forth in the R&R.  The Court refers the case back to Judge McCarthy for further proceedings consistent with the referral order at Dkt. 9.

SO ORDERED.

Dated:          May 26, 2026
               Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE